ARCHIE MARTIN *v.* THE STATE.

INDICTMENT. *Minor. Betting at gaming-table. Code* 1892, § 1129.

An indictment is sufficient which charges, in the language of § 1129, code 1892, that the defendant allowed a minor to "bet at a certain gaming-table," without averring that the betting was for money or other thing of value. The statute employs the word "bet" in its usual significa-tion—a wager for money or something of value.

FROM the circuit court of Sunflower county.
HON. R. W. WILLIAMSON, Judge.

The indictment in this case charges that the appellant, being a person of full age, did " allow one Malcolm Gillespie, a minor, to play and bet at a certain gaming-table, to wit, a crap-table, then and there kept and exhibited by him, the said Archie Martin."

The defendant demurred to the indictment, on the ground that it did not aver that the betting was for money or other valuable thing, and, generally, that it charged no offense. The demurrer was overruled, and the defendant was convicted. Hence this appeal.

The only question discussed in this court is as to the sufficiency of the indictment. Section 1129, code 1892, is as follows: "Any person of full age who shall bet any money or thing of any value with a minor, or allow a minor to bet at any game or gaming-table exhibited by him, or in which he is interested or in any manner concerned, on conviction thereof, shall be fined," etc.

*Paxton, Southworth & Neill,* for appellant.

The indictment is fatally defective. It does not charge that appellant played with Gillespie for money or other valuable thing. Section 1129 of the code was evidently intended to prohibit gambling by a person of full age with a minor, and there must be a wager of money or other valuable thing to constitute the offense of gambling.

It is no answer that the indictment is in the language of the statute. Where the act prohibited does not clearly appear from the language employed, or where, under certain circumstances, one may lawfully do a thing prohibited by the words of the statute, it is not sufficient to indict merely by the use of the statutory words, but the unlawful act must be charged in apt language, that the defendant may be advised of the nature of the offense. 28 Miss., 100; 54 *Ib.,* 490; 61 *Ib.,* 440; *Sullivan* v. *State,* 67 *Ib.,* 346; *Rawls* v. *State,* 70 *Ib.,* 739.

*Frank Johnston*, attorney-general, for the state.

The indictment is in the language of the statute, and charges, in apt language, the unlawful act. Betting is the putting at hazard of a certain sum, and a bet is a wager. 2 Am. & Eng. Enc. L., 186. Where persons bet upon a game of cards, with the understanding that the loser shall pay the bill of the company, it is a betting of money. *Bachellor* v. *State*, 10 Tex., 258. It is unnecessary to aver that the betting is for money. The definition of the word "bet" includes the idea of a risk for money or something of value.

The court will consult sound sense, to the disregard of captious objections, in looking for the meaning of the allegation in an indictment, and, of two permissible interpretations, it will adopt the one sustaining the proceeding.

This case does not fall within the rule laid down in *Rawls* v. *State*. There the defect in the indictment was that it did not describe the use for which the gaming-table was kept. Betting was not alleged, as in this case.

WOODS, J., delivered the opinion of the court.

The word *bet* is employed in the statute under which the indictment in this case was drawn, in its usual and well-understood signification, and that is, to put to hazard a sum ascertained upon a future happening of some event then uncertain. It means the wagering of money or something of value. It is impossible to think of betting at a gaming-table without associating money or something of value with such betting. The statute was intended to keep minors from the gaming-table; it punishes those who allow a minor to bet at any gaming-table exhibited by the offender, or in which he is concerned or interested. To *bet* necessarily means to bet something of value, in the connection in which the word is used; and that is the common and reasonable signification of the word also.

*Affirmed.*